David J. Davoli, Esq., SBN 264144
DAVOLI DAVIDS, LLP
153 W. 27th Street, Suite 204
New York, NY 10001

Tel:  212.929.1649
Fax: 646.657.3265
E-mail: david@davolidavids.com

Attorney for Plaintiff:
Joe Hand Promotions, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,** | Case No.: 1:17-cv-6509 |
| **Plaintiff,** | COMPLAINT |
| vs. | |
| **SMITH RIVER CORP. d/b/a BANK TAVERN, ALAN PETER HARTLEY,** | |
| **Defendants.** | |

Plaintiff JOE HAND PROMOTIONS, INC., by and through its attorneys, for its Complaint against Defendants, hereby alleges as follows:

THE PARTIES

1. Plaintiff JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 407 East Pennsylvania Blvd., Feasterville, PA 19053.  Plaintiff held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 205: Alvarez v. McGregor* telecast nationwide on November 12, 2016 ("Program").

2. Upon information and belief, Defendant SMITH RIVER CORP.

    a. is a business entity, the exact nature of which is unknown;

    b. is a business that conducts business in the State of California;

    c. conducted business as "Bank Tavern" on November 12, 2016;

    d. operates, maintains and controls the establishment known as Bank Tavern located at 100 W. First Street, Smith River, CA 95567 (the "Establishment"); and

    e. operated, maintained and controlled the Establishment on November 12, 2016.

3. Upon information and belief, Defendant ALAN PETER HARTLEY is an individual residing in the State of California. On the date of the Program, Defendant ALAN PETER HARTLEY:

    a. was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

    b. had a right and ability to supervise the activities of the Establishment; and

    c. had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

5. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

FACTS

6. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

7. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments. Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8. By contract, Plaintiff was granted the exclusive right to license and distribute the Program to commercial establishments throughout the United States. The Program broadcast originated via satellite uplink, and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

9. Plaintiff entered into subsequent agreements with various commercial establishments in the State of California that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Program broadcast to those establishments in the State of California.

10. Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Program in their Establishment for a fee.

However, Defendants chose not to contract with Plaintiff or pay a fee to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit the Program in their Establishment.

11. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Program or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication to patrons in the Establishment.

12. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited the Program to the patrons within their Establishment.

13. Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

14. At the time of the wrongful conduct described herein, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

## SATELLITE PIRACY/CABLE PIRACY

15. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

16. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violates 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

17. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violates 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

18. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553;

    b. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

    c. for such other and further relief to which Plaintiff may be entitled.

Dated this 9th day of November, 2017

/s/ David J. Davoli
David J. Davoli, Esq.
Davoli Davids, LLP